# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF IDAHO

---

| | |
|---|---|
| **In Re** | |
| LEONARD H. MULLEN and APRIL D. MULLEN, | **Bankruptcy Case No. 06-40509-JDP** |
| **Debtors.** | |

---

| | |
|---|---|
| GARY L. RAINSDON, Trustee, | |
| **Plaintiff,** | |
| vs. | **Adv. Proceeding No. 08-8017** |
| LEONARD H. MULLEN and EDYTH V. MULLEN, husband and wife, | |
| **Defendants.** | |

---

# MEMORANDUM OF DECISION

---

**Appearances:**

William R. Hollifield, JEFFREY J. HEPWORTH & ASSOCIATES, Twin Falls, Idaho, Attorney for Plaintiff.

MEMORANDUM OF DECISION - 1

Kent D. Jensen, Burley, Idaho, Attorney for Defendants.

*Introduction*

Debtors Leonard H. Mullen and April D. Mullen sought relief under chapter 7[1] of the Bankruptcy Code by filing a voluntary petition on September 29, 2006. Thereafter, Plaintiff Gary L. Rainsdon, the chapter 7 trustee in Debtors' bankruptcy case, commenced this adversary proceeding against Debtors' parents, Defendants Leonard H. Mullen Sr.[2] and Edyth V. Mullen, seeking to avoid the lien Defendants held on Debtors' house and real property. Defendants filed a Motion for Summary Judgment, Docket No. 17; Plaintiff responded with a Cross Motion for Summary Judgment, Docket No. 20. After conducting a hearing concerning the motions on October 20, 2008, and careful consideration of the record, the briefs of the parties, and the applicable law, this

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101 - 1532, and all rule references are to the Federal Rules of Bankruptcy Procedure, Rules 1001 - 9037.

[2] Leonard H. Mullen Sr. is deceased, and Edyth V. Mullen is his surviving spouse.

MEMORANDUM OF DECISION - 2

Memorandum disposes of the issues raised by the motions.[3]

*Facts*[4]

On May 24, 1984 Debtors purchased a home in Cassia County from Defendants, in which Debtors have resided.  As part of the purchase price, Debtors gave Defendants a promissory note in the amount of $5,500.  The final payment under the note was due on July 1, 1993.  The note was secured by a deed of trust of the real property which was promptly and properly recorded.

Despite the note's requirement that Debtors pay monthly installments to Defendants, no payments were made until after the note's maturity date in 1993.  However, Defendants took no action to collect the note or foreclose on the deed of trust.  On September 28, 2001, Debtors made a $2,000 payment to Defendants on the note.

---

[3] To the extent required by the Rules, this Memorandum constitutes the Court's findings of fact and conclusions of law.  Rules 9014, 7052.

[4] These facts all appear to be undisputed.  They are taken primarily from the parties' joint stipulation of facts. Docket No. 22.  The Court has relied upon additional uncontested facts appearing in the pleadings and affidavits submitted by the parties.

MEMORANDUM OF DECISION - 3

Debtors filed their bankruptcy petition on September 29, 2006. In the schedules filed with their petition, Debtors disclosed the real estate and listed "Virginia Mullen" as a secured creditor holding a lien on the real property for a debt of $3,500. Virginia Mullen is the same person as Defendant Edyth V. Mullen.

On February 20, 2008 Debtors paid Defendant Edyth V. Mullen $4,000.[5] Later that day, the trustee under the deed of trust executed a deed of reconveyance concerning the deed of trust, which was recorded and delivered to Debtors.

Plaintiff initiated this adversary proceeding to avoid and preserve Defendants' lien a few days later, on February 26, 2008.

## *Discussion*

### I.

Summary judgment may be granted if, when the evidence is viewed in a light most favorable to the non-moving party, there are no genuine

---

[5] While, at this time, the unpaid balance on the note was only $3,500, the amount paid on the note by Debtors is not material to the resolution of the issues.

MEMORANDUM OF DECISION - 4

issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(e), incorporated by Fed. R. Bankr. P. 7056; *Leimbach v. Lane (In re Lane)*, 302 B.R. 75, 81 (Bankr. D. Idaho 2003) (citing *Far Out Prods., Inc. v. Oskar*, 247 F.3d 986, 992 (9th Cir. 2001)).

The Court does not weigh evidence in resolving such motions but, rather, determines only whether a material factual dispute remains for trial. *In re Lane*, 302 B.R. at 81 (citing *Covey v. Hollydale Mobilehome Estates*, 116 F.3d 830, 834 (9th Cir. 1997)). A dispute is genuine if there is sufficient evidence for a reasonable trier of fact to hold in favor of the non-moving party. A fact is "material" if it might affect the outcome of the case. *Id.* (citing *Far Out Prods.*, 247 F.3d at 929).

The initial burden of showing there is no genuine issue of material fact rests on the moving party. *Esposito v. Noyes (In re Lake Country Invs.)*, 255 B.R. 588, 597 (Bankr. D. Idaho 2000) (citing *Margolis v. Ryan*, 140 F.3d 850, 852 (9th Cir. 1998)). If the non-moving party bears the ultimate burden of proof on an element at trial, that party must make a showing sufficient to establish the existence of that element in order to survive a

MEMORANDUM OF DECISION - 5

motion for summary judgment. *Id.* (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)).

"It is well-settled in this circuit and others that the filing of cross-motions for summary judgment, both parties asserting that there are no uncontested issues of material fact, does not vitiate the court's responsibility to determine whether disputed issues of material fact are present." *Fair Housing Council of Riverside County, Inc. v. Riverside Two*, 249 F.3d 1132, 1136 (9th Cir. 2001). "[C]ross-motions for summary judgment must be considered separately and do not relieve the court of its responsibility to determine the appropriateness of a summary disposition." *Schaefer v. Deppe (In re Deppe)*, 217 B.R. 253, 259 (Bankr. D. Minn. 1998); *ACLU of Nevada v. City of Las Vegas*, 333 F.3d 1092, 1097 (9th Cir. 2003) ("we evaluate each motion separately, giving the nonmoving party in each instance the benefit of all reasonable inferences.").

II.

The Bankruptcy Code cloaks bankruptcy trustees with broad powers to assist them in recovering and administering assets to generate

MEMORANDUM OF DECISION - 6

distributions for the unsecured creditors in bankruptcy cases. Among these powers are those designed to allow the trustee to recover, or "avoid" transfers made by a debtor prior to filing for bankruptcy. One of the trustee's avoiding powers are the so-called "strong-arm powers" found in § 544(a).[6] In this action, Plaintiff contends his strong-arm powers enable him to avoid Defendants' deed of trust on Debtors' real property pursuant

---

[6] Sections 544(a)(1) and (3), the provisions upon which Plaintiff relies, provide:

> (a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by –
>> (1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists;
>>      . . .
>> (3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser at the time of the commencement of the case, whether or not such purchaser exists [and has perfected such transfer].

MEMORANDUM OF DECISION - 7

to either § 544(a)(3) or (a)(1). Once avoided, Plaintiff alleges the deed of trust lien is automatically preserved for the benefit of the estate under § 551, which provides that "[a]ny transfer avoided [by a trustee] under section . . . 544 . . . is preserved for the benefit of the estate . . . ."[7]

Defendants concede that at the time Debtors filed their petition, the lien created by the deed of trust was unenforceable under Idaho law because the statute of limitations for foreclosure of the deed of trust had lapsed.[8] Even so, Defendants argue that Plaintiff, in his § 544(a) status as a

---

[7] Plaintiff argues in his brief that Debtors' transfer of the deed of trust to Defendants, once avoided, may be preserved for the benefit of the estate under § 551. Plaintiff's complaint, though, requests that the avoided transfer be preserved pursuant to § 541. *See* Docket No. 1. The Court assumes the erroneous reference in the adversary complaint was a clerical error.

[8] Idaho Code § 5-214A provides that "[a]n action for the foreclosure of a *mortgage* on real property must be commenced within five (5) years from the maturity date of the obligation or indebtedness secured by such mortgage." Idaho Code § 5-214A (emphasis added). Of course, there are important legal distinctions between a mortgage and a deed of trust. *See Roos v. Belcher*, 321 P.2d 210, 212 (Idaho 1958). For example, enforcement of trust deeds is governed by Idaho Code § 45-1501 *et seq.* Notwithstanding these separate provisions, the time limit for foreclosure of a deed of trust is the same as for mortgages. *See* Idaho Code § 45-1515 ("The foreclosure of a trust deed by advertisement and sale shall be made and the foreclosure of a trust deed by judicial procedure shall be commenced within the time limited by the same period and according to the same provisions including extensions as provided by law for the foreclosure of a

MEMORANDUM OF DECISION - 8

hypothetical lien-creditor or purchaser, cannot avoid the lien.

A.

Under § 544(a)(3), a trustee may avoid any transfer by a debtor that would be unenforceable as against "a bona fide purchaser of real property . . . from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser at the time of the commencement of the case, whether or not such purchaser exists . . . ." Plaintiff argues that, because Defendants' deed of trust is unenforceable against Debtors' property, he can avoid it under this Code provision.

However, Defendants contend that, under these facts, Plaintiff cannot attain the status of a bona fide purchaser, because the recorded deed of trust would have given him notice of Defendants' rights in Debtors' real property. *See Imig v. McDonald*, 291 P.2d 852, 855 (Idaho 1955) (holding that, in Idaho, a bona fide purchaser is one who acquires title to real property "without notice, actual or constructive, of any outstanding adverse rights of another."). Therefore, Defendants contend,

---

mortgage on real property.").

MEMORANDUM OF DECISION - 9

because on bankruptcy day Plaintiff (and the world, for that matter) would have had record notice of Defendants' deed of trust, Plaintiff cannot be a bona fide purchaser as to their interest, and consequently, Plaintiff cannot avoid the deed of trust under § 544(a)(3).

Defendants' argument, though logical, misses the point.  As the Ninth Circuit has taught, "state law determines whether the trustee's status as a [bona fide purchaser] will defeat the rights of a person against whom the trustee seeks to assert his powers[,]" but, whether a trustee attains that status is a question of federal law.  *Michael v. Martinson (In re Michael)*, 49 F.3d 499, 501 (9th Cir. 1994) (quoting *Robertson v. Peters (In re Weisman)*, 5 F.3d 417, 420 (9th Cir. 1993)).  In other words, the Code, not state law, prescribes any limitations on whether a trustee may assume the status of a bona fide purchaser.  *Id*. (citing 11 U.S.C. § 544(a)(3)).

In *In re Michael*, the trustee sought to employ the strong-arm powers under § 544(a)(3) to defeat the debtors' late-claimed homestead exemption.  However, because the court found that a homestead exemption could never be perfected against a bona fide purchaser, the plain language of

MEMORANDUM OF DECISION - 10

§ 544(a)(3) prevented trustee from "assuming the status of a bona fide purchaser[.]" *Id*. at 502.

The facts of this case are different. In other words, nothing in the Code prevents Plaintiff from assuming the status of a bona fide purchaser. But while the Code, as a matter of law, bestows the status of a bona fide purchaser on Plaintiff, the question remains whether the § 544(a)(3) power can be used to defeat Defendants' lien.

B.

As a hypothetical bona fide purchaser of Debtors' real property, Plaintiff argues he may avoid a deed of trust that has become unenforceable by virtue of the expiration of the applicable statute of limitations. In support of his position, Plaintiff cites the decision of a bankruptcy court dealing with similar facts. *See Weisbart v. Sanger Bank (In re Tilton)*, 297 B.R. 478 (Bankr. E.D. Tex. 2003).

In *In re Tilton*, the trustee sought to avoid a bank's deed of trust lien, arguing that the deed of trust was void under Texas law because the bank had failed to foreclose within the applicable limitations period. The

MEMORANDUM OF DECISION - 11

bankruptcy court correctly observed that although the Bankruptcy Code bestows the status of a hypothetical bona fide purchaser on the trustee, it is state law that defines the rights attributable to that status. *Id.* at 484 (citing *Realty Portfolio, Inc. v. Hamilton (In re Hamilton)*, 125 F.3d 292, 298-99 (5th Cir. 1997)). The *Tilton* court noted that "rely[ing] on the face of the recorded documents and the statutory limitations provided by Texas law [the bank's] security interest was at an end." *Id.* at 485. The court therefore concluded that the trustee was entitled to declaratory judgment that the lien asserted by the bank through its deed of trust on the property "is void and of no force and effect against the Trustee as of the date of the commencement of the case." *Id.* at 487.

Plaintiff argues that though *In re Tilton* is based on Texas law, the same result should occur under Idaho's statutory scheme. The Court disagrees.

The Idaho statutes in play here are materially different than the Texas statutes examined by the bankruptcy court in *In re Tilton*. In Texas, "[upon] the expiration of the four-year limitations period, the real property

MEMORANDUM OF DECISION - 12

lien and a power of sale to enforce the real property lien become void." Tex. Civil Practice & Remedies Code § 16.035(d). There is no similar provision in the Idaho Code. Instead, Idaho's statutes of limitations are statutes of repose. *White v. Conf. Claimants Endowment Commission of the Idaho Annual Conference of the Methodist Church*, 336 P.2d 674, 684-85 (Idaho 1959). "They apply to the remedy, and cut off the right of enforcement, although the lien still exists." *Id.* (citing *Mendini v. Milner*, 276 P. 313 (Idaho 1929)). Thus, while on the date Debtors filed for bankruptcy Defendants' deed of trust could not be foreclosed under Idaho law, that did not necessarily mean that the lien created by the deed of trust would be avoidable by a bona fide purchaser.

In Idaho, a "deed of trust or transfer of any interest in real property in trust to secure the performance of any obligation shall be a conveyance of real property." Idaho Code § 45-1513. Idaho Code § 55-606 provides:

> Every grant or conveyance of an estate in real property is conclusive against the grantor, also against every one subsequently claiming under him, except a purchaser or encumbrancer, who in good faith, and for a valuable consideration,

MEMORANDUM OF DECISION - 13

>acquires a title or lien by an instrument or valid
>judgment lien that is first duly recorded.

In other words, in order for a bona fide purchaser to prevail against the beneficiary under a deed of trust, that purchaser must first record its instrument of conveyance. Plaintiff is not such a purchaser.[9]

In this case, Defendants' deed was recorded prior to the time Debtors filed their bankruptcy petition, and Plaintiff is therefore subject to whatever rights inure to Defendants under the deed of trust. Under Idaho law, that Defendants failed to foreclose on the trust deed within the applicable statutes of limitations is of no moment. *See Trusty v. Ray*, 249

---

[9] The hypothetical bona fide purchaser of § 544(a)(3) has been described as:

>a person who (1) at the instant the bankruptcy petition is filed purchases from the debtor; (2) for value; (3) in good faith; (4) without actual knowledge of any defect or limitation in title; (5) every interest in real property the debtor could have purported to convey without the terms of the conveyancing itself evidencing irregularity; (6) by an instrument that adheres to all formal requisites usually and regularly followed in the relevant jurisdiction; (7) as of the moment of purchase takes all unilateral steps to perfect the conveyance.

*In re Michael*, 49 F.3d at 501.

MEMORANDUM OF DECISION - 14

P.2d 814, 817 (Idaho 1952) ("The general rule is that a mortgagor or his successor in interest cannot quiet title against a mortgagee, while the secured debt remains unpaid, although the statute of limitations has run against the right to foreclose the mortgage."). In other words, while Defendants could not enforce the deed of trust by foreclosure, the lien transferred by that instrument continued in effect.

Because a hypothetical bona fide purchaser from Debtors would be subject to Defendants' rights under the recorded deed of trust, and because Defendants' lien rights continued in effect even though they were precluded from foreclosing, Plaintiff cannot avoid Defendants' deed of trust under § 544(a)(3).

III.

In the alternative, Plaintiff argues that Defendants' deed of trust may be avoided pursuant to § 544(a)(1). Plaintiff insists, that because the statute has run and the deed of trust is no longer enforceable, Defendant Edyth Mullen is a mere unsecured creditor. Plaintiff therefore argues, as a hypothetical judicial lien creditor as to Debtors' property, he has a superior

MEMORANDUM OF DECISION - 15

interest and may avoid Defendants' lien.  This argument likewise fails under Idaho law.

The Idaho Supreme Court has explained that "[i]n the absence of a statute to the contrary a judgment lien is subordinate to prior conveyances and encumbrances even where these are not recorded . . . ." *Johnson v. Casper*, 270 P.2d 1012, 1015 (Idaho 1954).  In this case, Debtors granted Defendants the deed of trust prior to filing their bankruptcy petition, and Defendants took the necessary steps to record it.  Under these facts, § 544(a)(1) gives Plaintiff no more powers with respect to Debtors' real property than § 544(a)(3).  Since Plaintiff cannot prevail, under Idaho law, under § 544(a)(3), he likewise cannot prevail under § 544(a)(1).

## *Conclusion*

As a matter of law, Plaintiff cannot avoid Defendants' deed of trust pursuant to either § 544(a)(1) or (a)(3).[10]  Accordingly, Defendants' Motion

---

[10] In addition to the deficiencies in his position discussed above, the facts in this case seem to pose another hurdle for Plaintiff.  Prior to commencement of this adversary proceeding, Debtors paid the balance due on the obligation secured by Defendants' trust deed, and a deed of reconveyance was delivered to Debtors effectively reconveying Defendants' interest in the property to them.

MEMORANDUM OF DECISION - 16

for Summary Judgment will be granted, and this action will be dismissed.

Plaintiff's Cross Motion for Summary Judgment will be denied.  A separate order will be entered.

Dated: December 31, 2008

*[signature]*

Honorable Jim D. Pappas
United States Bankruptcy Judge

---

Apparently choosing to ignore these facts, Plaintiff seeks to avoid and preserve Defendants' deed of trust lien as if it still existed, citing no authority supporting his ability to do so.

    The Tenth Circuit Bankruptcy Appellate Panel has grappled with the conundrum presented by a trustee's attempts to preserve a released lien in *Kuhnel v. Russell (In re Kuhnel)*, 346 B.R. 528 (10th Cir. B.A.P. 2006).  In that case, the trustee persuaded a creditor to voluntarily release its lien on the debtors' motor vehicle without commencing an action or proceeding to avoid that lien.  In response to the trustee's argument that the creditor's lien was nonetheless preserved for the estate, the panel concluded that when the creditor "released the lien, there was nothing left [for the estate] to 'preserve.'" *Id.* at 531.

    Because the Court decides Plaintiff can not avoid Defendants' deed of trust, it need not decide whether that transfer, if avoided, could be preserved under § 551.

MEMORANDUM OF DECISION - 17